UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> CRUISIN1, INC., AND CHEYENNE HERRIMAN, Individually, jointly and severally, <br> Defendants. | No. 4:17-cv-11155-TGB-DRG <br> Hon. Terrence G. Berg |

# ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST CRUISIN1, INC. ONLY (DKT. 16)

This case involves the alleged willful interception and exhibition of the pay-per-view event entitled *Manny Pacquiao v. Timothy Bradley, II WBO Welterweight Championship Fight Program* by Defendants for private financial gain without paying the requisite commercial licensing fee. *See, e.g.,* Dkt. 1 (complaint).

Before the Court is Plaintiff's motion for default judgment against Defendant Cruisin1 Inc. Dkt. 16. Plaintiff is not seeking any default judgment against co-defendant Cheyenne Herriman (also known as Cheyenne Usewick). The record reflects Cruisin1 Inc. was properly served with notice of this pending lawsuit through service on its resident agent, Cheyenne Usewick, on July 3, 2017. Dkt. 9, Pg. ID

1

56; Dkt. 5-1, Pg. ID 27. Defendant Cruisin1 Inc. has failed to respond to the complaint. On July 26, 2017, Plaintiff obtained a clerk's entry of default. Dkt. 12.

It is well established that once a default is entered against a defendant, that party is deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability. *See Ford Motor Co v. Cross,* 441 F.Supp.2d 837, 846 (E.D. Mich. 2006) (citing *Matter of Visioneering Construction*, 661 F.2d 119, 124 (6th Cir. 1981)).

On January 22, 2018 the Court held a hearing on Plaintiff's motion for default judgment; only counsel for Plaintiff appeared. Although Plaintiff initially requested a judgment on liability and an award of damages, the Court concluded that it would be appropriate to enter judgment in favor of Plaintiff and against Defendant Cruisin1 Inc. on liability only at this time. This is because Plaintiff has sought and been granted leave to amend its complaint, dismissing Ms. Herriman and adding two new individual defendants who Plaintiff believes may be liable. Because the complaint seeks joint and several liability against all defendants, it would be proper to await the determination of any amount of damages until after the litigation regarding the additional defendants is completed.

Thus, the Court **GRANTS** Plaintiff's motion for default judgment against Defendant Cruisin1 Inc. on the issue of liability. Judgment may be therefore entered in favor of Plaintiff and against Defendant Cruisin1 on the issue of liability.

**IT IS SO ORDERED.**

Dated: January 23, 2018
s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

**Certificate of Service**

I hereby certify that this Order was electronically filed, and the parties and/or counsel of record were served on January 23, 2018.

s/A. Chubb
Case Manager